IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-922-ECM |
| | ) | [WO] |
| JOHNNY HARDWICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-923-ECM |
| | ) | |
| JUDGE HARDWICK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

*Pro se* Plaintiff Mark Knox ("Knox") filed these two civil actions against Judge Johnny Hardwick ("Judge Hardwick") and other Defendants relating to a February 2020 hearing before Judge Hardwick in the Circuit Court of Montgomery County, Alabama, Case No. 03-CV-2018-900582.00 (the "state court action"). On December 8, 2025, the cases were consolidated. (*See* doc. 5).[1] Before the Court is the Magistrate Judge's Recommendation that all of the claims be dismissed, some with prejudice and some without prejudice. (Doc. 6). Knox timely filed objections to the Recommendation. (Doc.

[1] Citations to document numbers will be to the document numbers in the lead case, Case No. 2:25-cv-922-ECM.

8). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and Knox's objections, the Court concludes that Knox's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and these cases are due to be dismissed.

## II. LEGAL STANDARD

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[2]

[2] Here, and elsewhere in this Order, this Court cites nonbinding authority. While the Court acknowledges these cases are nonprecedential, the Court finds them persuasive.

## III. DISCUSSION

Knox first objects to the Recommendation's conclusion that all claims against Judge Hardwick are due to be dismissed because they are barred by absolute judicial immunity, and that the claim against Judge Hardwick in Case No. 2:25-cv-922-ECM is further due to be dismissed as barred under the *Rooker-Feldman* doctrine.[3] Upon *de novo* review, the Court concludes, as the Magistrate Judge did, that absolute judicial immunity bars all claims against Judge Hardwick. Further, the Court concludes that *Rooker-Feldman* bars the claim against Judge Hardwick in Case No. 2:25-cv-922-ECM because Knox requests that this Court set aside a state court final judgment. *See Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024) (explaining that "[i]f the plaintiff's claim requires a district court to 'review' and 'reject' a state court judgment," then *Rooker-Feldman* bars the claim). Consequently, this objection is due to be overruled.[4]

In his second objection, Knox objects to the Recommendation's conclusion that the claims against John Doe Bailiff in Case No. 2:25-cv-923-ECM are due to be dismissed because fictitious party pleading is generally not permitted in federal court. Knox argues that this rule should not be applied "where a plaintiff has been actively obstructed from learning the defendant's identity." (Doc. 8 at 3). But Eleventh Circuit precedent is clear

[3] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[4] In Case No. 2:25-cv-922-ECM, Knox's complaint contains one count: "Fraud on the Court," with a reference to Federal Rule of Civil Procedure 60(d)(3). But Rule 60 "does not provide any grounds for an independent cause of action." *Clements v. Florida*, 2021 WL 2875655, at *2 (M.D. Fla. June 16, 2021), *report and recommendation adopted*, 2021 WL 2856623 (M.D. Fla. July 8, 2021). For this additional, independent reasons, the complaint in Case No. 2:25-cv-922-ECM is due to be dismissed.

that fictitious party pleading is not permitted in federal court unless "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992)). Knox's complaint does not identify John Doe Bailiff with the requisite specificity. Moreover, the Court is not persuaded that it should exempt Knox from this general rule based on the purported obstruction of which he complains.[5] Therefore, this objection is due to be overruled.

Knox next objects to the Recommendation's conclusion that the Montgomery County Sheriff's Department ("MCSD") is due to be dismissed as a defendant because it is not a suable entity. Knox acknowledges that the MCSD cannot be sued but argues he should be permitted to amend his complaint to name the proper entity, which would be either "Montgomery County or the Sheriff in his official capacity, to pursue the claim for failure to train and supervise its employees." (Doc. 8 at 4). While the Court "should freely give leave [to amend] where justice so requires," FED. R. CIV. P. 15(a)(2), the Court may deny leave if amendment would be futile. *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). Here, an amendment naming a new defendant would be futile because it is apparent from the face of the complaint that this claim is time-barred. The entity's alleged acts or omissions occurred no later than February 11, 2020, and Knox did

[5] Additionally, it is apparent from the face of the complaint that the § 1983 claims against John Doe Bailiff are time-barred because the John Doe Bailiff's alleged acts or omissions occurred on February 11, 2020, and Knox did not file his complaint until November 20, 2025—well beyond the two-year statute of limitations for such claims, *see McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). For this additional reason, the § 1983 claims against John Doe Bailiff are due to be dismissed.

not file his complaint until November 20, 2025—after the two-year statute of limitations expired, *see McNair*, 515 F.3d at 1173. Thus, to the extent Knox seeks leave to amend his complaint, his request is due to be denied because amendment would be futile. Consequently, this objection is due to be overruled.

In his fourth objection, Knox objects to the characterization of his complaints as shotgun pleadings. Upon *de novo* review, the Court concludes that the complaint in Case No. 2:25-cv-923 is a shotgun pleading because it alleges multiple counts, and "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). Moreover, both complaints are due to be dismissed on independent grounds, regardless of whether they are shotgun pleadings. Therefore, this objection is due to be overruled.

Finally, Knox objects to the Recommendation's warning that if he continues to file frivolous lawsuits against Judge Hardwick and court personnel related to the state court action, the Court "will take the necessary steps to protect itself from abuse in the form of an injunction." (*See* doc. 6 at 16–17). This Court has "both the inherent power and the constitutional obligation to protect [its] jurisdiction from conduct which impairs [its] ability to carry out Article III functions," as well as "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986) (en banc) (per curiam). This Court thus has the authority—and broad discretion—to fashion appropriate remedies

aimed at curbing abuse of the judicial process. *See id.* at 1074–75; *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam). **Knox is CAUTIONED that if he files a facially frivolous complaint in the future against Judge Hardwick and/or court personnel related to the state court action, the Court may take steps to curtail his abusive litigation conduct, including but not limited to summarily dismissing the pleading and the action without prior notice or imposing a pre-filing screening requirement.** *See Martin-Trigona*, 986 F.2d at1385–88 (upholding a filing injunction against the plaintiff and anyone acting in concert with him based on the plaintiff's vexatious litigation conduct which abused the legal system). This objection is due to be overruled.

## IV. CONCLUSION

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. The stay previously entered in Case No. 2:25-cv-922-ECM is LIFTED;

2. Knox's objections (doc. 8) are OVERRULED;

3. The Magistrate Judge's Recommendation (doc. 6) is ADOPTED;

4. All claims against Judge Hardwick in Case No. 2:25-cv-922-ECM and Case No. 2:25-cv-923-ECM are DISMISSED with prejudice;

5. The claims against John Doe Bailiff in Case No. 2:25-cv-923-ECM are DISMISSED without prejudice;

6. The claims against the Montgomery County Sheriff's Department in Case No. 2:25-cv-923-ECM are DISMISSED with prejudice;

7. The claims against Janet D. Carter in Case No. 2:25-cv-922-ECM are DISMISSED without prejudice;

8. Both cases are DISMISSED;

9. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 29th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE